**FILED**

**September 24, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

**Time: 2:06 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Derrick DePriest, | ) Docket No.: 2015-08-0202 |
|     Employee, | ) |
| v. | ) State File No.: 90886-2014 |
| Cajun Operating Co., | ) |
|     Employer, | ) Date of Injury: October 20, 2014 |
| And | ) |
| Liberty Mutual Insurance Co., | ) Judge: Jim Umsted |
|     Insurance Carrier. | ) |
| | ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on September 2, 2015, upon the Request for Expedited Hearing filed by Derrick DePriest, the Employee, on August 4, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if the Employer, Cajun Operating Co. (Cajun), is obligated to provide medical and temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes Mr. DePriest is entitled to additional medical benefits.

## ANALYSIS

### Issue

The parties marked "Medical Benefits" as the only issue in dispute on the Dispute Certification Notice (DCN) issued in this claim. The issue listed on the Dispute Certification Checklist is:

*Whether Employee is entitled to an evaluation by another physician.*

### Evidence Submitted

The Court admitted into evidence the exhibits below by agreement of the parties:

1

Exhibit 1: Mr. DePriest's Affidavit;
Exhibit 2: Form C-20-Employer's First Report of Work Injury or Illness;
Exhibit 3: Material Safety Data Sheet (MSDS);
Exhibit 4: Medical records from Methodist Hospital South and Concentra Medical Center; and
Exhibit 5: Handwritten letter from Dr. John Hayes, dated April 6, 2015, and typed version of the letter, dated September 1, 2015.

The Court designated the following as the technical record (T.R.):

1. Petition for Benefit Determination (PBD), filed June 19, 2015;
2. DCN, filed July 17, 2015; and
3. Request for Expedited Hearing, filed August 4, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

Mr. DePriest provided in-person testimony.

## Stipulations of the Parties

The parties stipulated the following to be correct:

1. Cajun d/b/a Church's Chicken is an employer as defined by Tennessee Code Annotated section 50-6-102(12) (2014);
2. Mr. DePriest was an employee as defined by Tennessee Code Annotated section 50-6-102(11) (2014);
3. Mr. DePriest received treatment from Methodist Hospital South, for which Cajun paid;
4. Mr. DePriest received authorized treatment from Concentra Medical Center; and
5. Mr. DePriest is authorized to return to Concentra for continued care to the extent medical treatment is necessary.

## History of Claim

Mr. DePriest is a thirty-six-year-old resident of Shelby County, Tennessee. (T.R. 1.) On October 20, 2014, Mr. DePriest was cleaning at work when a bottle of liquid cleaner spilled on his legs and feet. (Ex. 2.) According to Mr. DePriest, he reported the spill to his manager before he left work at around 6:00 p.m. Mr. DePriest testified that, sometime between 11:00 p.m. and 12:00 a.m., he started feeling tingling, itching, and burning in his feet where the cleaner spilled on him. Consequently, he sought treatment at

the emergency room at Methodist Hospital South. (Ex. 4.)

Upon presenting to the emergency room, Mr. DePriest complained of "bilateral foot pain [and] itching from a spray spilling on his feet today." (Ex. 4.) He also complained of foot swelling. (Ex. 4.) Mr. DePriest's medical provider, Dr. Thomas Carr, diagnosed him with a chemical burn/chemical exposure. (Ex. 4.) Dr. Carr soaked Mr. DePriest's feet in betadine and prescribed medication for the itching. (Ex. 4.) Dr. Carr also instructed Mr. DePriest to follow up with his primary care physician or at Christ Community Clinic in two days. (Ex. 4.)

The following day, Mr. DePriest noticed a blister on his right foot. He brought the hospital records to Cajun. After conducting an investigation, Cajun paid the hospital bill.[1] Cajun also provided Mr. DePriest with a panel of physicians, from which he selected Concentra Medical Center. Mr. DePriest presented to Dr. John Hayes at Concentra for the first time on March 10, 2015. (Ex. 4.)

Mr. DePriest advised Dr. Hayes he injured his right leg and foot when a bottle of degreaser spilled on him at work on October 10, 2014. (Ex. 4.) He told Dr. Hayes he was experiencing numbness and burning in his right foot, which had been present for several months. (Ex. 4.) Dr. Hayes diagnosed Mr. DePriest with contact dermatitis. (Ex. 4.) He instructed Mr. DePriest to obtain a MSDS for the degreaser and to return to the clinic on March 12, 2015. (Ex. 4.) When Mr. DePriest followed up on March 12, 2015, Dr. Hayes ordered labs to check for heavy metals based on the MSDS sheet Mr. DePriest provided. (Ex. 4.)

Mr. DePriest returned to see Dr. Hayes on March 19, 2015. (Ex. 4.) Dr. Hayes noted Mr. DePriest continued to complain of numbness on the dorsum of his right foot but could not identify any exacerbating factors. (Ex. 4.) Dr. Hayes reviewed the lab data with Mr. DePriest, released him from care, and instructed him to return as needed. (Ex. 4.)

On April 6, 2015, Dr. Hayes responded to correspondence from claims specialist Sherri Patterson at Cajun's workers' compensation insurance carrier, inquiring whether Mr. DePriest needed to see a specialist. (Ex. 5.) In a handwritten response, Dr. Hayes indicated he did not think Mr. DePriest needed to see a specialist.[2] (Ex. 5.)

Mr. DePriest filed a PBD on June 19, 2015, seeking a second opinion from a specialist to determine what is wrong with his right foot. (T.R. 1.) The parties did not

---

[1] According to Employer's First Report of Work Injury or Illness, Mr. DePriest reported his injury to Cajun on November 14, 2014, and Cajun filed the claim with its workers' compensation insurance carrier on November 15, 2014. (Ex. 2.)

[2] Dr. Hayes provided a typed version of his response to Ms. Patterson on September 1, 2015. He specifically stated, "I do not feel Mr. Derrick Depriest [sic] needs to see a specialist for his contact dermatitis." (Ex. 5.)

resolve the disputed issue through mediation, and the Mediating Specialist filed the DCN on July 17, 2015. (T.R. 2.)

## Mr. DePriest's Contentions

Mr. DePriest contends he injured his right foot when degreaser spilled on him at work on October 20, 2014. He continues to have numbness in his foot, but alleges Dr. Hayes can find nothing wrong. Mr. DePriest testified he did not have this numbness prior to the work incident of October 20, 2014. Consequently, Mr. DePriest seeks a second opinion from a specialist to diagnose and treat his foot.

## Cajun's Contentions

Cajun argues Mr. DePriest has not presented any evidence that he needs additional medical treatment for his right foot. It asserts Dr. Hayes has not referred Mr. DePriest to a specialist and specifically points to Dr. Hayes' opinions of April 6, and September 1, 2015, to show Mr. DePriest does not need to see a specialist.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Factual Findings*

The Court finds that, on October 20, 2014, Mr. DePriest sustained an injury at work when liquid degreaser spilled on his legs and feet. Mr. DePriest timely reported the incident to Cajun and ultimately received authorized treatment from Concentra Medical Center from March 10 to 19, 2015. The authorized physician, Dr. John Hayes, diagnosed Mr. DePriest with contact dermatitis and ordered lab work to check for heavy metals based on the MSDS provided by Mr. DePriest. Thereafter, Dr. Hayes released Mr. DePriest from care, indicating Mr. DePriest should return to the clinic as needed. Dr. Hayes also opined Mr. DePriest does not need to see a specialist for his condition. Mr.

4

DePriest, however, continues to have numbness in his right foot.

*Application of Law to Facts*

An employer is obligated to furnish an injured employee with medical treatment reasonably necessary to treat a work-related injury. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Based on the evidence presented, Mr. DePriest sustained a work-related injury to his right foot on October 20, 2014, when liquid degreaser spilled on him. The emergency room physician, Dr. Carr, diagnosed Mr. DePriest's injury as a chemical burn/chemical exposure, and Dr. Hayes diagnosed Mr. DePriest with contact dermatitis. (Ex. 4.) Mr. DePriest's treatment consisted of a betadine soak at the emergency room, medication for itching, and lab work to check for heavy metal exposure. (Ex. 4.) Cajun has paid for all of this treatment in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2014). However, Mr. DePriest continues to complain of numbness in his foot and requests a second opinion with a specialist, since Dr. Hayes released him from care. (Ex. 1.)

Tennessee Code Annotated section 50-6-204(a)(3)(C) (2014) discusses entitlement to a second opinion but only applies in situations when the treating physician refers the injured employee to a specialist under Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014). *See* Tenn. Code Ann. § 50-6-204(a)(3)(C) (2014). Cajun correctly points out that Dr. Hayes has not referred Mr. DePriest to a specialist. In fact, Dr. Hayes provided correspondence suggesting that he does not think that Mr. DePriest needs to see a specialist for his contact dermatitis. (Ex. 5.) Consequently, the Court finds Mr. DePriest is not entitled to a second opinion as requested.

Having so found, this Court notes Dr. Hayes instructed Mr. DePriest to return to the clinic as needed. Moreover, Cajun stipulated at the hearing that Mr. DePriest is authorized to return to Concentra for continued care to the extent medical treatment is necessary. Mr. DePriest continues to have right-foot numbness six months after his release by Dr. Hayes. Based on Mr. DePriest's continued complaints, the Court determines he is entitled to return to his treating physician, Dr. Hayes, to determine whether he requires additional treatment for his work-related injury.

Mr. DePriest has come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits in proving entitlement to further evaluation by treating physician Dr. Hayes.

**IT IS, THEREFORE, ORDERED** as follows:

1. Cajun or its workers' compensation carrier shall authorize an evaluation of Mr. DePriest's right foot with Dr. John Hayes to determine whether Mr. DePriest requires additional treatment for his work-related injury. Cajun or its workers' compensation carrier shall provide Mr. DePriest with reasonable and necessary medical treatment as recommended by Dr. Hayes and as required by Tennessee Code Annotated section 50-6-204 (2014). Mr. DePriest or his medical providers shall furnish medical bills to Cajun or its workers' compensation carrier.

2. This matter is set for a Scheduling Hearing on November 4, 2015, at 10:00 a.m. central time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 24th day of September, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

<u>Initial Hearing</u>:

A Scheduling Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

6

**Please Note: You must call in on the scheduled date/time to participate.** Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 24th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Derrick DePriest | X | | X | depsouth600@gmail.com |
| Jonathan L. May, Esq. | | | X | jmay@lewisthomason.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8